upon the omitted issues. See also *Mengert* v. *Brinkerhoff*, 67 Ohio St. 472 [66 N. E. Rep. 530], and *Jenkins* v. *Esterly*, 24 Wis. 340, a case very like the one before us. It is true there is a contrary intimation in *Parker* v. *Haight*, 7 Circ. Dec. 609 (14 R. 548), but that was a mere dictum and not necessary or even pertinent to the decision.

Entertaining the view thus indicated, we find it unnecessary to discuss the sufficiency of the defense. to the primary action as now offered; though it may be doubted whether the prayer of the petition to vacate should have been granted on its merits, in view of the seeming authority of *Shaul* v. *Mc-Cauley*, 1 O. S. U. 380 (34 Bull. 278), affirmed without report, *Shaul* v. *McCauley*, 53 Ohio St. 676.

The judgment below is affirmed.

**Marvin** and **Winch, JJ.**, concur.

---

## INTOXICATING LIQUORS.

[Hamilton (1st) Circuit Court, July 9, 1910.]

Giffen, Smith and Swing, JJ.

ANNA M. FOLEY v. CHAS. E. ROTH, TREAS., ET AL.

**Assistant Dairy and Food Inspectors not Required to Procure Violation of Liquor Laws for Purpose of Assessing Dow Tax.**

> The provision of Gen. Code 6087 for the appointment by the dairy and food commission of assistant commissioners and inspectors for the purpose of determining names of persons liable to the Dow law assessment not now on the tax duplicate, contemplates an official inspection for the purpose of enforcing the law; but there is no authority for procuring a violation of the law in order that the tax may be levied, and the evidence of sales under such circumstances will be received with much caution, and the property of an innocent owner will not be subject to a lien upon such testimony where contradicted.

APPEAL from common pleas.

*Gideon C. Wilson*, for plaintiff.
*Hunt, Bettman & Merrell*, for defendant.

Hamilton County.

**GIFFEN, P. J.**

The provision of Gen. Code 6087, that "the assistant commissioners and inspectors appointed by the dairy and food commissioners  *  *  *  shall determine from information furnished by the auditor of state, or by personal visitation or otherwise, the names of all persons liable to such assessments," contemplates an official inspection and investigation for the purpose of enforcing the law, and does not authorize a procurement of a violation of the law in order that the assessment may be levied. The evidence thus obtained will, like the testimony of hired detectives, be received with caution and carefully scrutinized. They were unable at the trial to identify the two women as the occupants of the house at the time of the alleged sales, although they were in fact such occupants, and testified that no sales of beer were made on the premises. We are of the opinion that the property of an entirely innocent owner ought not to be subject to a lien upon such evidence contradicted as it is by the positive testimony offered by plaintiff.

An injunction, will be granted as prayed for.

**Smith** and **Swing, JJ.,** concur.